NOTICE: NOT FOR OFFICIAL PUBLICATION.UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
 AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.
 
 IN THE
 Arizona Court of Appeals
 Division One
 center16446500
 STATE OF ARIZONA, Appellee,
 
 v.
 
 JEREMIAH SCOTT BORGERSON, Appellant.
No. 1 CA-CR 16-0546
 FILED 7-27-2017 
 center14287500
 Appeal from the Superior Court in Maricopa County
No. CR2014-146544-002
The Honorable Joan M. Sinclair, Judge
 center49847500AFFIRMED
 COUNSEL
Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
Counsel for Appellee

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
Counsel for Appellant

1321435000
 MEMORANDUM DECISION
Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

center000
T H U M M A, Judge:
* This is an appeal under Anders v. California, 386 U.S. 738 (1967) and State v. Leon, 104 Ariz. 297 (1969). Counsel for defendant Jeremiah Scott Borgerson has advised the court that, after searching the entire record, he has found no arguable question of law, and asks this court to conduct an Anders review of the record. Borgerson was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Borgerson's convictions and resulting sentences are affirmed. 

 FACTS AND PROCEDURAL HISTORY
In September 2014, Borgerson responded to an Internet advertisement for massage services placed by B.H. and her boyfriend. B.H. and Borgerson arranged to meet at a Mesa hotel where she was staying. When he arrived, Borgerson introduced himself to B.H. as "Alex" and they had a "pleasant conversation" outside the hotel. During this conversation, B.H. noticed another man who "glare[d] at her." B.H. later identified "Alex" as Borgerson, and the other man as Michael Diontae Johnson. 
B.H. and Borgerson went upstairs to her hotel room. Borgerson left to use the hotel lobby bathroom. When he returned, Borgerson was accompanied by Johnson, who pointed a gun at B.H. and entered her hotel room. After taking B.H.'s cell phone, Johnson ordered her to sit on the couch next to Borgerson, who "put his arm up on the couch and smiled at [her]." When Johnson demanded money while pointing the gun at her, B.H. said she had no money. When Johnson told her she was "going to get naked," and "going to strip," B.H. pleaded with Borgerson to "just leave with his friend," and to "take anything you want," but to just "please, please leave." Borgerson, who was seated by B.H., remained silent. 
Johnson tried to "rip B.H.'s clothes off and tried to move her from the couch to the bed," and B.H. fought back, pushing him away and screaming. Borgerson continued to sit silently next to her, watching. When B.H. kicked Johnson in the chest, he became angry and hit B.H. with his gun. Johnson then inserted the gun into her vagina, and bit her underneath her left breast, leaving a mark. Johnson later inserted another object into her vagina, causing pain that was "so much worse" and resulting in a substantial discharge of fluid. The discharge appeared to scare Johnson and "made him stop, [and] jump back." Borgerson then told Johnson "let's go."
Borgerson and Johnson left B.H.'s hotel room and "[took] off running." B.H. was able to ask another person at the hotel to call 9-1-1, and then she collapsed. Paramedics rushed B.H. to the hospital, where she remained in intensive care for two weeks. Before B.H. was taken into surgery, police took swabs and fingernail clippings, and laboratory tests indicated Johnson's DNA was on B.H. 
The State charged Borgerson with kidnapping, attempted armed robbery, aggravated assault (involving a gun, a deadly weapon or dangerous instrument) and two counts of sexual assault, all dangerous felonies. The State also gave notice of multiple aggravating factors. Borgerson and Johnson were charged as co-defendants, but Borgerson successfully moved to sever his trial. The State moved to preclude admission of evidence of B.H.'s drug use. The court denied the motion, allowing evidence of drug use limited to B.H.'s perceptions at the time. The court also permitted a sanitized version of B.H.'s prior felony convictions to be admitted into evidence.
At a 16-day trial, the State offered testimony from various witnesses, including B.H. and the assigned detective. When Borgerson demonstrated some erratic behavior at trial, the court recessed trial for a few days so he could undergo a competency evaluation, and was found competent to proceed. Although Borgerson twice moved to represent himself, both times he changed his mind and chose to have his appointed counsel continue his representation. Borgerson, as was his right, elected not to testify, and did not call any witnesses. Borgerson also unsuccessfully asked that the jury be given a lesser-included offense instruction on attempted aggravated robbery. The jury was, however, instructed on accomplice liability.
After the jury began deliberations, a juror reported she was too ill to continue. As a result, the superior court recalled an alternate and instructed the jury to "begin deliberations anew." The jury found Borgerson guilty of attempted armed robbery and aggravated assault, but could not reach a verdict on the remaining counts. Following an aggravation proceeding on factors that were properly alleged, the jury found the State proved (1) the offenses involved the use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime, specifically a gun; (2) Borgerson committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value; (3) the offenses caused physical, emotional or financial harm to B.H.; and (4) Borgerson was on drugs while committing the offenses. 
For the two guilty verdicts, each Class 3 dangerous, non-repetitive offenses, the court sentenced Borgerson to concurrent presumptive 7.5 years in prison, with 667 days of pre-sentence incarceration credit. This court has jurisdiction over Borgerson's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) .
DISCUSSION
Counsel for Borgerson advised this court that after a diligent search of the entire record, counsel found no arguable question of law. This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. See State v. Clark, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and brief reveals no reversible error.
The record shows Borgerson was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record provided also shows there was substantial evidence supporting Borgerson's convictions and resulting sentence. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits and permissible range. 
The opening brief filed by Borgerson personally suggests he should not have been found guilty of aggravated assault based on an accomplice liability theory, and notes the superior court denied his request to re-open evidence to admit a recorded interview of B.H. in response to a jury question during deliberations. Borgerson does not, however, argue or provide any supporting authority that these issues resulted in reversible error; that the superior court erred in addressing these issues or that the jury was not properly instructed on the law. To the contrary, the record shows the jury was properly instructed on accomplice liability, and Borgerson does not cite any authority that would require the superior court to admit additional evidence during deliberations, long after the parties had rested in their evidentiary presentations. 
 * CONCLUSION
This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. Leon, 104 Ariz. at 300; Clark, 196 Ariz. at 537 ¶ 30. Accordingly, Borgerson's convictions and resulting sentences are affirmed. 
Upon the filing of this decision, defense counsel is directed to inform Borgerson of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. See State v. Shattuck, 140 Ariz. 582, 584 - 85 (1984). Borgerson shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.
*